# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ISAAIH XAVIZER ASH,

        Plaintiff,

v.                                                      Case No. 3:20-cv-229-J-32JRK

SGT. DANIEL et al.,

        Defendant.

## **ORDER**

### I. **Status**

Plaintiff, a pretrial detainee at the Columbia County Jail,[1] initiated this action by filing a pro se Civil Rights Complaint. Doc. 1. He has also filed a motion to proceed as a pauper.[2] Doc. 2. In the Complaint, Plaintiff alleged that on February 23, 2020, officers ordered "the pod" to get on their assigned bunks. Doc. 1 at 5. Plaintiff stated that he then put a "sheet around [his] face because

---

[1] Plaintiff is currently in pretrial custody for a pending state court criminal case in which the state is prosecuting Plaintiff for attempted armed robbery while masked. See State v. Ash, No. 12-2019-CF-000796 (Fla. 3d Cir. Ct.).

[2] Plaintiff's request to proceed in forma pauperis (Doc. 2) is incomplete. As such, the Court directed Plaintiff, by May 1, 2020, to provide a completed request or pay the $400 filing fee. See Doc. 4. As of the date of this Order, Plaintiff has not complied with that directive.

[he has] bad asthma and officers threaten[ed] to spray."³ Id. Because Plaintiff had a sheet around his face, see id., and "for disobeying a verbal order," see id. at 7, officers took Plaintiff out of his dorm and put him in confinement. Id. He claimed that while he was being moved to confinement, Defendant Daniel threatened to gas Plaintiff and made derogatory and offensive remarks.

According to Plaintiff, while housed in confinement, Defendants Daniel and Geiger, along with Officers Brown and Gainey (who are not named as defendants), searched Plaintiff's cell and illegally seized his "legal paperwork and legal . . . documents out of [his] motion of discovery," hindering his ability to represent himself in state court. Id. He also argued that they took his towel, rag, soap, toothbrush, and toothpaste, which subjected him to cruel and unusual punishment. Id. Finally, he averred that they confiscated his Bible and his "Civilizations of Africa" book that he uses for his Islamic study, violating his "freedom of religious belief." Id. He asserted that he requested that the officers return his belongings, to which they responded that they are "reviewing cameras"; however, Plaintiff believes the property was thrown away. Id. at 9.

On April 8, 2020, the Court dismissed without prejudice Plaintiff's claims regarding freedom of religion, conditions of confinement, and return of personal

---

³ Plaintiff does not alleges that the officers used chemical agents on him or any other inmate.

property, as well as any claims regarding threatening comments. Doc. 4. The Court, however, construed Plaintiff's allegations regarding the seizure of his legal material and discovery documents as a First Amendment access to courts claim. Id. at 10. The Court advised Plaintiff that he may file an amended complaint only as to his access to courts allegation. Id. Plaintiff has filed his Amended Complaint. Doc. 5. For the reason stated below, Plaintiff's access to courts claim, as alleged in his Amended Complaint, is due to be dismissed.

## II.   **Standard of Review**

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss,

3

a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

### III. <u>Analysis</u>

In his Amended Complaint, Plaintiff generally realleges the same facts as those set forth in his Complaint. However, he now claims that when he was moved to confinement on February 23, 2020, all three Defendants (Daniel, Geiger, and Dampeire) searched Plaintiff's cell and "purposely knowing [Plaintiff is] pro se and represent[ing] [himself] they deprived [him] of [his] legal work[,] legal documents[,] pre-wrote motions[,] and took witnesses['] statements out of [his] motion of discovery." Doc. 5 at 5. He also claims for the first time that Defendants violated his right to access to courts, "because [he is] a young black man only 18 thinking [Plaintiff] [doesn't] know [his] rights."[4] He argues that he has "suffered psychological trauma due to these events and still cannot represent [himself] properly." <u>Id.</u> at 6. He requests monetary damages and the appointment of a "paid for attorney" to diligently represent him in his criminal case. <u>Id.</u>

---

[4] To the extent Plaintiff is attempting to allege an equal protection violation, such claim is insufficiently pled. <u>See</u> <u>Jones v. Ray</u>, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting <u>Damiano v. Fla. Parole & Prob. Comm'n</u>, 785 F.2d 929, 932-33 (11th Cir. 1986) ("To establish an equal protection claim, a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.")).

While Plaintiff has always alleged that he is proceeding pro se in his state court criminal proceeding, his original Complaint did not clarify if Plaintiff had been offered court-appointed representation and if he voluntarily declined that assistance. As such, in its Order directing Plaintiff to file an amended complaint, the Court directed Plaintiff to explain the circumstances of his criminal representation. Doc. 4. In conformance with the Court's instruction, Plaintiff alleged the following in his Amended Complaint:

> The state appointed me counsel Kimberly Mears which we had a[n] irreconcilable conflict[.] [S]he was also ineffective[.] I filed a motion and had a Nelson inquiry which the Judge gave two solutions because he denied [m]y ineffective assistance of counsel [claim,] saying he didn't see grounds[.] Judge Brian [said] my solutions were keep a[n] ineffective attorney public defender or represent myself so the outcome was I became pro se.

Doc. 5 at 13.

Plaintiff's allegation that he was offered court-appointed counsel and made the decision to proceed without an attorney is supported by his state court criminal docket.[5] See Ash, No. 12-2019-CF-000796. It shows that soon after

---

[5] The Court takes judicial notice of Plaintiff's state court docket. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice.").

6

Plaintiff's arrest, the state court appointed defense counsel for Plaintiff; however, it appears that on or about January 28, 2020, Plaintiff requested the state court to conduct a Nelson[6] inquiry and discharge his court-appointed counsel. Id. On February 5, 2020, after conducting the Nelson hearing, the trial court granted Plaintiff's request to discharge his attorney and allowed Plaintiff to proceed pro se. Id.

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). That right may be met "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. When interpreting the right of access to courts outlined in Bounds, the Eleventh Circuit has held that access to additional legal material is not mandatory where legal counsel is provided as an alternative. Smith v. Hutchins, 426 F. App'x 785, 789 (11th Cir. 2011) (citing Hooks v. Wainwright, 775 F.2d 1433, 1435 (11th Cir. 1985) ("concluding state need not provide prisoners assistance of counsel in addition to libraries for purpose of filing

---

[6] See Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973). If a defendant expresses a desire to discharge court appointed counsel because of counsel's ineffectiveness, the trial court will hold a Nelson hearing to determine whether there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. Id. If the trial court finds that counsel is acting ineffectively, the trial judge will appoint substitute counsel. Id. If no such finding is made, the trial judge is to advise defendant that if he discharges his original counsel, the state may not thereafter be required to appoint a different attorney. Id.

7

collateral suits, stating, 'it is noteworthy that Bounds refers to law libraries or other forms of legal assistance, in the disjunctive, no fewer than five times.'")). Further, "[b]ecause Bounds addressed only the issue of access to courts in the context of inmates filing civil actions or habeas petitions for post-conviction relief, some courts have held that Bounds has no applicability to defendants representing themselves in criminal proceedings."[7] Smith, 426 F. App'x at 789 n.5. Rather, where a pretrial detainee claims that his lack of access to legal material has hindered his ability to represent himself in a pending criminal

---

[7] In United States v. Chatman, 584 F.2d 1358 (4th Cir. 1978), the court explained that the right of access to courts for pretrial detainees seeking assistance with a pending criminal action is based on the Sixth Amendment right to counsel. Id. at 1360. The court explained the following:

> [Bounds] held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828. Bounds, of course, has no direct application to defendant. He was accused of [a] crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief. But, even so, we do not read Bounds to give an option to the [p]risoner as to the form in which he elects to obtain legal assistance. The option rests with the government which has the obligation to provide assistance as to the form which that assistance will take. Thus, to the extent that it may be said that Bounds has any application to the instant case, the United States satisfied its obligation under the Sixth Amendment when it offered defendant the assistance of counsel which he declined. We so hold. Cf. United States v. West, 557 F.2d 151 (8th Cir. 1977).

8

proceeding, the constitutional right of access to courts may be satisfied if the plaintiff has been provided the option of legal counsel and his decision to represent himself was voluntarily made. Id. at 789 (citing Edwards v. United States, 795 F.2d 958, 961, n. 1, 3 (11th Cir. 1986) (stating that when counsel is offered, the alternative of other legal assistance is not mandatory, citing Bounds, 430 U.S. at 828); see also Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (agreeing with circuits holding that a defendant who rejects court appointed counsel has no constitutional right to access a law library in preparing a pro se defense at trial); Daker v. Warren, 660 F. App'x 737, 740 (11th Cir. 2016) (reiterating that under Eleventh Circuit precedent access to a law library is not mandatory for a pro se defendant when counsel has been offered); Singleton v. FS No. 7084, No. 3:11-cv-70-J-12TEM, 2011 WL 617942, *3 (M.D. Fla. Feb. 15, 2011) (holding there is no constitutional right to access legal materials in preparing a pro se defense in a criminal case where counsel has been offered and the plaintiff has elected to represent himself).

Here, the Court need not decide whether Bounds applies to pretrial detainees or whether Plaintiff has a right to access additional legal material, because the requirements of Bounds are satisfied if Plaintiff has the option to receive assistance from court-appointed counsel, but he is voluntarily proceeding pro se. See Smith, 426 F. App'x at 790 n.5 ("Regardless of whether

Bounds applies to pretrial detainees, we conclude in this case Bounds does not require access to a law library where Smith had the option of assistance of appointed counsel."). The claims in his Amended Complaint demonstrate that Plaintiff has the option to be represented by court-appointed counsel, but he has voluntarily and knowingly declined that assistance so he could represent himself. While he appears to claim that he agreed to proceed pro se because his only other option was to be represented by an incompetent attorney, Plaintiff admits that the trial court conducted an inquiry into counsel's effectiveness under the purviews of Nelson and determined that she was providing adequate representation. After the trial court found her to be acting effectively, Plaintiff states he made the decision to proceed pro se. Indeed, a review of his state court docket demonstrates that Plaintiff has been actively representing himself by filing numerous pro se motions. See Ash, No. 12-2019-CF-000796.

Now, after voluntarily declining court-appointed counsel who has access to legal material, and electing to represent himself, Plaintiff complains about the difficulty of obtaining and securing legal documents while being housed in a pretrial detention facility. These facts do not sufficiently set forth a constitutional claim. Even if he has previously given up his right to counsel, Plaintiff may request reappointment of his prior attorney to represent him in his criminal case by filing a motion with the state court or voicing his concerns

at a scheduled hearing. This open and standing offer by the state satisfies Plaintiff's First Amendment right of access to courts. See Smith, 426 F. App'x at 789-90, 790 n.5 ("[b]ecause Smith voluntarily and intelligently waived his right to counsel, Smith had no constitutional right to access . . . other legal resources during his pre-trial detention" and the option of appointed counsel satisfied the requirements of Bounds); Singleton, 2011 WL 617942 at *3 ("the offer of court-appointed counsel satisfies the state's obligation to provide meaningful access to the courts.").

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of May, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:   Isaaih X. Ash, #CCSO19JBN002909

11